UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
**PATRICK GUILLORY**,                                             :
                                                                  :
              Plaintiff,                                  :
                                                                  : **MEMORANDUM AND ORDER**
      – against –                                          : 24-CV-8711 (AMD) (LKE)
                                                                  :
**SURFPOINT RECOVERY**,                                           :
                                                                  :
              Defendant.                                  :
                                                                  :
----------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      Before the Court is the *pro se* plaintiff's complaint and application to proceed *in forma pauperis*, in which he alleges a violation of his Fourteenth Amendment rights. (ECF Nos. 1, 2.) For the following reasons, the plaintiff's request to proceed *in forma pauperis* is granted for purposes of this order, and his complaint is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

      On November 15, 2024, the plaintiff began a substance abuse treatment program with the defendant. (ECF No. 1 at 8.) Roughly a week into the program, the plaintiff filed a grievance against his "primary counselor" because she "repeatedly failed to make her appointments with [him] to complete [his] treatment plan." (*Id.*) After the plaintiff filed the grievance, he had a fifteen-minute meeting with his counselor to work on his treatment plan; the plaintiff alleges that developing a treatment plan ordinarily takes two hours. (*Id.*) At his grievance hearing, the "grievance committee" told the plaintiff that he would be transferred to a different counselor. (*Id.* at 8–9.) On November 24, 2024, the plaintiff's former counselor "suspended all [his] calls

from [his] emergency contact list" and "refused to take calls from [his] family" until his case was transferred to the new counselor. (*Id.* at 9.)

On December 2 and 8, 2024, the plaintiff filed additional grievances about his treatment plan. (*Id.* at 9–10.) The plaintiff alleges that the defendant retaliated against him by suspending him from all group activities for seven days. (*Id.* at 10.) When the plaintiff asked about his pending grievances, he was told that they would be addressed when he was discharged. (*Id.* at 11.)

The plaintiff also alleges, generally, that the defendant held fictious working group sessions and that black and Jewish patients received inferior treatment to what white patients received. (*Id.* at 12–20.) The plaintiff seeks $500,000 in compensatory damages, $500,000 in punitive damages, $500,000 for emotional distress, and a court order instructing the defendant to determine why black and Jewish patients are treated differently. (*Id.* at 20–21.)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations in a complaint are assumed to be true, this assumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

The Court holds *pro se* complaints to a "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court "construe[s] a *pro se* complaint liberally" to raise the strongest arguments it suggests. *Newsome v. Bogan*, 795 F.

App'x 72, 72 (2d Cir. 2020) (summary order) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

When a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines" that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "An action is 'frivolous' when (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory," *i.e.*, "the claim lacks an arguable basis in law" or "a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

## DISCUSSION

The Court liberally construes the complaint as alleging a violation of the Fourteenth Amendment's equal protection clause, pursuant to 42 U.S.C. § 1983. A plaintiff alleging a Section 1983 claim must allege "the violation of a right secured by the Constitution and laws of the United States" and that the "deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations omitted). The plaintiff, who describes himself as Black and Jewish, identifies "discrimination" as the basis for his Section 1983 claim, and alleges that white patients received preferential treatment and more resources than Black and Jewish patients. (ECF No. 1 at 3, 15–20.)[1]

---

[1] The plaintiff also alleges at various points in his complaint that the defendant committed Medicaid fraud. (*Id.* at 3, 12–13, 23–24.) Although private parties can bring a *qui tam* action for Medicaid fraud pursuant to the False Claims Act, such claims "sound[] in fraud, [meaning] a more rigorous standard is applied . . . fraud [must] be pleaded with 'particularity.'" *Johnson v. The Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 264 (W.D.N.Y. 2010). The complaint does not meet this heightened standard, nor

3

A plaintiff in a Section 1983 action must allege a harm that was "committed by a person acting under color of state law." 42 U.S.C. § 1983; *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" (quoting *United States v. Int'l Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991)). Specifically, a plaintiff must allege that the defendant was either a state actor or a private party acting under state law. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). In other words, Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotations omitted).

The plaintiff brings this suit against one defendant, a drug treatment and rehabilitation facility. The plaintiff does not allege that the defendant or its employees are government actors, or that they were operating under color of state law. Accordingly, the plaintiff has failed to state a claim under Section 1983. *E.g., Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (affirming dismissal of a *pro se* plaintiff's complaint because he "pleads no facts that would establish that Defendants' conduct amounted to state action").

## CONCLUSION

For these reasons, the complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Because the plaintiff is proceeding *pro se,* the Court grants him leave to amend his complaint within thirty days of the date of this order. The plaintiff is advised that an

---

has the plaintiff complied with the procedural requirements necessary to bringing a *qui tam* action. *See* 31 U.S.C. § 3730(b).

4

amended complaint completely replaces the original complaint, and he must include in the amended complaint all the necessary information to support his claims.  Any amended complaint must be captioned "Amended Complaint" and bear the same docket number as this order (24-CV-8711 (AMD) (LKE)).

No summons will issue at this time, and all further proceedings are stayed for 30 days. If the plaintiff does not amend the complaint within 30 days or show good cause for an extension of time, judgment dismissing this action will be entered.  The Clerk of Court is respectfully directed to mail a copy of this Order to the plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.  Therefore, *in forma pauperis* status is denied for purposes of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
        January 13, 2025

5